UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | 16 CR 20006-001 |
| **KARI K. MARKSTEINER** ) | |
| ) | |
| **Defendant.** ) | |

### KARI K. MARKSTEINER'S COMMENTARY ON SPECIAL SENTENCING FACTORS

**I.     INTRODUCTION**

Kari K. Marksteiner, through her attorney, William Galati, files this Commentary on Special Sentencing Factors to assist this Court in the exercise of its discretion to determine the type and length of sentence sufficient, but not greater than necessary, to achieve the objectives of sentencing Congress set forth in 18 USC § 3553(a)(2).

On September 22, 2016, as part of a plea agreement between the Government and the defendant, the defendant pled guilty to Count 1 of the Indictment.   The Government and defendant originally calculated a Sentencing Guideline Range of 4 to 10 months imprisonment located in Zone B of the Sentencing Table, supervised release for a period of one year pursuant to § 5D1.2(a)(3), full restitution pursuant to § 5E1.1(a)(1), a fine of $2,000 to $20,000 pursuant to § 5E1.2(c)(3), and a special assessment of $100 pursuant to § 5E1.3.  (See Paragraph 14 - F).  Since the Plea Agreement was entered, the Pre-Sentence Investigation Report (PSR) indicates a Sentencing Guideline Range of 6 to 12 months.  (See

PSR - Document 18 - Part D, Paragraph 62). The defendant does not object to this recalculated Sentencing Guideline Range. The defendant respectfully requests that the Court impose a sentence of Probation with the minimum term of imprisonment to be satisfied with a condition of home detention.

This sentence is within the Sentencing Guideline Range, and it reasonably provides just punishment, adequately deters others from committing similar crimes, protects the public, promotes respect for the law, and promotes rehabilitation of the defendant.

## II. APPLICABLE LAW

When deciding the sentence of a defendant in a criminal case, the overriding principle and basic mandate of § 3553(a) requires the district court to impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in § 3553(a)(2). In determining the minimally sufficient sentence, § 3553(a) directs the court to consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the kinds of sentences available"; (3) the kinds of sentence and the sentencing range established", (4) "any pertinent policy statement" issued by the sentencing commission pursuant to its statutory authority; (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (6) "the need to provide restitution to any victims of the offense"; and (7) "the need for the sentence imposed to reflect the following: the seriousness of the offense, promote respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and

providing the defendant with needed educational and vocational training, medical care, or other correctional treatment." See USC § 3553(a).

### III. DEFENDANT'S OBJECTIONS TO THE PSR

Defendant has no objections to any material information contained in or omitted from the PSR.

### IV. APPLICATION OF THE LAW TO THE FACTS OF THIS CASE

**A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

Ms. Marksteiner has had a very difficult life up to and including this point. She lost her father when she was 17 years old to liver cancer. She was very close to her father and everyday she would come home and help her mother care for him. This was extremely traumatic and painful to endure and it only worsened when her father actually succumbed to cancer. The loss was especially hard on Ms. Marksteiner due to the closeness she felt toward her father and vice versa. But the tragic loss of her father was hard on her entire family. The emotional void of losing their father at age 49 was exacerbated by the acute financial strain that losing him had, combined with staggering medical bills.

The pain and loss did not abate after losing her father. After his death, Ms. Marksteiner endured the loss of two siblings to cystic fibrosis at the respective ages of 8 and 19. Her formative years were littered with loss after loss of those she loved the most.

Ms. Marksteiner's pain at losing her father was compounded in an almost unfathomable string of devastating car accidents. Within one year of losing her father, her fiance, Mike Justus, was killed in a car accident in Will County, Illinois. Mr. Justus and Ms.

Marksteiner had been high school sweethearts and were engaged for 1.5 years when he was killed.

After putting the pieces of her life back together at the age of 18 following the loss of her father, siblings, and fiance, she attended and graduated cosmetology school and worked in that field until 2002 without incident. During the years following Mr. Justus's death, she worked 60 hour weeks and eventually met Scott Marksteiner. They got engaged and things were going well for her. Then in 2002, she was involved in an accident with a 53 foot semi-tractor trailer. Her vehicle was completely destroyed and engulfed in flames. How she survived is any one's guess.

As a result of this accident, she had two shoulder surgeries. She suffered back injuries that hurt to this day and also has degenerative disc disease. Following this accident is where the addiction to opiates began. Her doctor prescribed her 180 pills of hydrocodone per month. The addiction took hold quickly and she required more and more hydrocodone to function. She and Scott Marksteiner were married in 2003 and had a son, Ronald. Ronald is 15 years old and lives with Ms. Marksteiner.

In 2009, Ms. Marksteiner earned her license to be a Medical Assistant from Everest College. Shortly thereafter, she accepted a position as a medical assistant with Dr. Jovita C. Anyanwu. For the first two years with Dr. Anyanwu, she excelled, even acting as office manager. The truth is that her hydrocodone addiction never left her, and after two years of work, Ms. Marksteiner engaged in the conduct that she faces before this Court.

She and Scott Marksteiner raised Ronald together until they divorced in 2010. Despite the inability to make their marriage work, she and Scott Marksteiner remained

very close and raised Ronald jointly. They re-established a relationship in 2014 but did not re-marry. She remained the custodial parent and Scott Marksteiner had joint custody. This was the situation until February 2015, when yet again, a tragic motor vehicle accident ripped a loved one away from Ms. Marksteiner. On February 24, 2015, Scott Marksteiner was killed in a car accident in Indiana.

Unlike the first car accident, where Ms. Marksteiner had to deal with the loss of the closest person in the world to her, this time she had to deal with the loss of a loved one, the father of her only child, while simultaneously caring for her 14 year old son and helping him come to terms with the tragic loss of his father, who he was exceptionally close with. Since his father's death, Ms. Marksteiner is the only person available to care for Ronald. He has had some behavioral problems since his father's death and Ms. Marksteiner has put Ronald into therapy to help him deal with this devastating loss.

Additionally, Ms. Marksteiner's mother, Darlene Bassett was recently diagnosed with kidney failure. On June 23, 2016, Ms. Marksteiner underwent kidney transplant surgery and donated one of her kidneys to her mother.

Ms. Marksteiner has no criminal history prior to her 2002 car accident. After that, she has four dispositions resulting in four total points relating to the Sentencing Guidelines. (See PSR - Document 18 - Part B, Paragraphs 25-33).

Ms. Marksteiner has been a productive member of society in the past and has a strong desire to do so in the future. She is a high school graduate who has earned two vocational licenses. She has struggled mightily with drugs, even while on this Court's bond. But she has taken the steps to address the causes of her addiction. Namely, attending

therapy voluntarily and court ordered. She hopes to work in the cosmetology field when the restrictions of this case are lifted.

Like so many others, Ms. Marksteiner can trace her entanglement in our criminal justice system directly back to drug experimentation at an early age following years of pain and loss. If this case is about anything, it is about a lifetime of drug addiction that Ms. Marksteiner continues to fight up until this very day, and how this relentless addiction to drugs was the driving force behind her conduct in this case.

Certainly the nature of the offense Ms. Marksteiner has pled guilty to is serious. However, the fact that she committed this crime to feed the addictions of her and her then boyfriend, and not for pecuniary gain should be factored into the sentence. While the abuse of her position of trust, and illegal use of her employer's DEA number and credit card are significant, her intent was simply to feed a massive addiction to opiates, that is more prevalent today in America than any other time in our history.

**B. The Kinds of Sentences Available**

The defendant's guideline offense level is 8, criminal history category 3, yielding a recommended sentence of 6-12 months. Defendant is charged with a Class E Felony and is therefore eligible for a sentence of Probation with a condition or combination of conditions that substitute intermittent confinement, community confinement or home confinement for imprisonment. Since the offense is in Zone B, the Court is allowed to impose the entire sentence as home confinement. That is what Ms. Marksteiner is asking this Court to do. The government and Ms. Marksteiner had previously agreed that the Guideline Sentencing Range was 4-10 months. Based on new information provided in the PSR, the defendant

agrees that the Guideline Sentencing Range is 6-12 months.  The government and Ms. Marksteiner also agreed, pursuant to the Plea Agreement, that both sides remain free to recommend whatever sentence each party, respectively, deems appropriate.  (See Plea Agreement, Paragraph 16)

### C.  The Kind of Sentence and the Sentencing Range Established

The sentencing range in this case is 6-12 months, Zone B, supervised release for a period of one year pursuant to § 5D1.2(a)(3), full restitution pursuant to § 5E1.1(a)(1), a fine of $2,000 to $20,000 pursuant to § 5E1.2(c)(3), and a special assessment of $100 pursuant to § 5E1.3.  As stated above, the defendant is seeking a term of Probation with the minimum imprisonment under the Guideline Sentencing Range to be satisfied by home confinement so Ms. Marksteiner's son Ronald is not without a parent or guardian, so Ms. Marksteiner's physical condition relating to her kidney donation is not put in jeopardy, so she does not lose her home, and so not to cause undue expense on the Bureau of Prisons for complicated and expensive medical procedures, care, and prescriptions.  A letter from Ms. Marksteiner's transplant surgeon, Dr. Enrico Benedetti, MD, FACS, explaining that her continued care should be provided by  a provider who is familiar with the surgery is attached for the Court's consideration as Defendant's Exhibit A.

To that end, the defendant's proposed sentence, is consistent with the Plea Agreement, falls within the Guideline Sentencing Range, and would allow her to maintain contact with the same transplant surgeons that performed her surgery and know her medical history.  Furthermore, it allows her 15 year-old son, Ronald, to keep his only

surviving parent and guardian in his life and would enable her to keep her home and continue paying taxes.

### D. The Need to Avoid Unwarranted Sentencing Disparity Among Defendants With Similar Records Who Have Been Found Guilty of Similar Conduct

It is inherently reasonable to sentence the defendant to a term of Probation with the minimum period of incarceration set forth by the Guideline Sentencing Range to be satisfied by home confinement for the crime she committed. A sentence of Probation is certainly appropriate in light of the defendant's criminal history and the criminal conduct for which she has admitted guilt. Such a sentence, where Ms. Marksteiner will be monitored closely by the Probation Department and loses her liberty under home confinement creates no unwarranted sentencing disparity.

### E. The Need to Provide Restitution to Any Victims of the Offense

According to Paragraph 12 of the PSR, this is a Title 21 Offense and there is no identifiable victim. However, the defendant acknowledges that this was not a victimless crime in reality. She admitted her involvement at the outset to government agents and has formally admitted guilt early in these proceedings so as not to cause any delay or unnecessary expense to the government. As mentioned above, Ms. Marksteiner has a high school degree and two vocational certificates and does have a history of working legitimate, productive jobs. The sooner Ms. Marksteiner finishes any custodial obligations, the sooner she will be able to begin the process of paying fines and restitution, although at this point, restitution has not been discussed or calculated.

**F. The Need For the Sentence Imposed to Reflect the Following: Seriousness of the Offense, Promote Respect for the Law and Just Punishment for the Offense, Provision of Adequate Deterrence, Protection of the Public From Future Crimes and Providing the Defendant with Needed Educational and Vocational Training, Medical Care, or Other Correctional Treatment.**

As mentioned above, Ms. Marksteiner is asking for a sentence of Probation and to satisfy the minimum custodial portion of the Guideline Sentencing Range via home confinement. This sentence will provide a just punishment for Ms. Marksteiner and others. With this suggested sentence, Ms. Marksteiner will be under the watchful eye of the Probation Department and will be confined to her home for six months in the technical custody of the Bureau of Prisons. She will not be free to leave whenever she likes. She will be subject to random inspections and other obligations imposed by the Court. She will also be a convicted felon which will have a severe impact on her life going forward.

While this suggested sentence accomplishes these legitimate concerns, it simultaneously allows her to care for her only child, of which she is the only living parent of and sole guardian. It would also allow her to continue seeing the physicians who performed the kidney transplant surgery, which is critical for her continued recovery from the surgery. Ms. Marksteiner has been attending therapy for her issues relating to the trauma of her life and her substance abuse. Specifically, she has attended substance abuse treatment at South Suburban Council in East Hazel Crest, Illinois since April 2016 on an outpatient basis. Despite the early relapse occurring in May 2016, the defendant has made progress and has been able to identify the source of her drug addiction and what triggers her useage. She has also attended therapy with Dr. Fidel Martinez in South Holland. Dr.

Martinez has provided individual therapy to Ms. Marksteiner and family therapy with her and her son together.

Ms. Marksteiner acknowledges that her crime was serious and that she deserves punishment. However, in light of the requested sentence being within the guidelines, there being no identifiable victim named, her delicate medical condition relating to donating her kidney, her cooperation from the beginning and her quick acknowledgment of guilt, a period of probation with the minimum imprisonment requirement satisfied via home confinement is just punishment to Ms. Marksteiner and others similarly situated.

Furthermore, this sentence is a sufficient deterrent to the public. A permanent felony conviction, thousands of dollars in fines, restrictive probation requirements, home confinement followed by supervised release sends a strong message to the public that violation of this statute will result in devastating penalties, regardless of the circumstances under which it takes place. This risk is not one that a member of any general public would lightly take. To the extent that any such sentence is a deterrent to others, it indicates that such criminal conduct will result in the imposition of the aforementioned penalties, at a minimum. The fact that the circumstances of the offender and the offense are fully and fairly considered by the sentencing court would only serve to enhance the respect that the public would give such a sentence, thus promoting respect for the law and just punishment for the offense.

**CONCLUSION**

Accordingly, for the reasons listed above, and in light of the factors outlined by Section 3553(a), including the nature and circumstances of the offense and the character of Ms. Marksteiner, her decision to plead guilty and her acceptance of responsibility, she respectfully requests that this Court sentence her to a term of Probation with the minimum imprisonment to be satisfied via home confinement with movement allowed for work and medical necessity.

Respectfully submitted,

*/s/William Galati*
William Galati
Attorney for Defendant
15255 S. 94th Ave., Suite 500
Orland Park, IL 60462
708.220.7500 - p
708.428.6201 - f